Paul CONSTANTINE, et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 206–85L.

United States Claims Court.

Feb. 29, 1988.

---

Charles H. LeDuc, International Falls, Minn., for plaintiffs.

Larry Martin Corcoran, Dept. of Justice, Washington, D.C., with whom was James M. Spears, Acting Asst. Atty. Gen., for defendant.

## ORDER

ROBINSON, Judge.

This case is before the Court on the plaintiffs' motion for summary judgement based on collateral estoppel arising out of the decision in *Althaus v. United States*, 7 Cl.Ct. 688 (1985). After oral argument and a careful review of the relevant cases cited by the parties, the Court denies the plaintiffs' motion for summary judgment for the reasons assigned below.

### Facts

The complaint filed by the plaintiffs alleges that on April 11, 1985, the National Park Service (NPS) "inversely" condemned their jointly-owned land in the Voyageurs National Park on the United States–Canadian border in northern Minnesota. The land involved consists of approximately 46 acres of unimproved land on Kawaiwa Island in Rainy Lake (Tract 36–118). The plaintiffs contend that they have by 1985 deeds successfully separated the unimproved portion of the total tract of land from three improved parcels which are now separately owned by the three plaintiffs and which consist of cabin sites, each having approximately 2 acres. The defendant disputes this partition contending that Tract 36–118 is still one parcel for purposes of "taking" jurisprudence. This dispute is not material, however, to the Court's decision to deny the plaintiffs' motion for summary judgment.

This case and related cases [1] were stayed pending final resolution of the previously decided, related case of *Althaus v. United States, supra*. However, after a trial on the merits of liability, two *Althaus* plaintiffs subsequently settled their claims and the remaining *Althaus* plaintiffs dismissed their claims with prejudice.

After the "dismissal" of *Althaus*, counsel for the parties in this and the stayed related cases agreed to prosecute this case for guidance in the related cases. Since November 1986, discovery has been taking place. The plaintiffs filed a motion for summary judgment dated July 31, 1987, contending that the defendant is collaterally estopped by the *Althaus* decision from litigating the issue of inverse condemnation.

The complaint in this case is in a number of respects the same as or substantially similar to the *Althaus* complaint. It is undisputed that it arises out of the same general factual background, which resulted in a decision of this Court after a trial on the merits on the liability issue, that a taking had occurred, thereby justifying an award of damages. The parties agree that there is no genuine dispute as to any material fact. Admittedly, the present plaintiffs did not participate in *Althaus* and Tract 36–118 was not among the tracts which were the subject of *Althaus*. Thus, the only issue before the Court is whether the defendant is collaterally estopped by *Althaus* from litigating its liability for a taking.

The plaintiffs contend that the plaintiffs here are part of the "class of people," all of whom are owners of unimproved lands within the Voyageurs National Park, and that the evidence of taking is the same. Plaintiffs contend additionally that the taking is continuing. Thus, plaintiffs argue that using the criteria of Sections 27 and 28 of Restatement Second of Judgments, (1982), the defendant should be estopped by the *Althaus* judgment and that none of the factors set forth in Section 29 of the Restatement giving rise to an exception to the applicability to collateral estoppel are here

---

1. The related cases which were stayed are: *Christenson v. U.S.*, Cl.Ct. No. 451–85L; *Mostad v. U.S.*, Cl.Ct. No. 196–86L; *Miller v. U.S.*, Cl.Ct. No. 269–86L; *Donnelly v. U.S.*, Cl.Ct. No. 475–86L. *Ewald, et al. v. United States*, Cl.Ct. No. 283–87L, is also a related case but was not stayed. In *Ewald*, this Court, by separate order, has granted the defendant's motion to dismiss for lack of jurisdiction.

present. Further, the plaintiffs contend that the decision in *Hilkovsky v. United States*, 205 Ct.Cl. 460, 504 F.2d 1112 (1974), which refused to apply nonmutual offensive collateral estoppel with respect to two different tracts of land, is distinguishable factually, and that this Court can and should apply collateral estoppel offensively against the defendant.

The defendant argues that offensive collateral estoppel does not apply against the government in the absence of mutuality; i.e., the parties must be the same. *United States v. Mendoza*, 464 U.S. 154, 104 S.Ct. 568, 78 L.Ed.2d 379 (1984) (nonmutual offensive collateral estoppel); *United States v. Stauffer Chemical Co.*, 464 U.S. 165, 104 S.Ct. 575, 78 L.Ed.2d 388 (1984) (mutual defensive collateral estoppel). The defendant bases its argument that nonmutual offensive collateral estoppel does not apply against the government on the strong policy considerations announced in *Mendoza*. Further, the defendant contends collateral estoppel does not apply offensively with respect to two different tracts of land, citing *Hilkovsky, supra*, and that collateral estoppel is inapplicable in the specific circumstances of this case because the facts are different from those recited in *Althaus* as revealed by the depositions of plaintiffs.

## Discussion

Disposition of a case in response to a summary judgment motion requires that no genuine dispute exists as to any material fact and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Further, the non-moving parties' evidence is to be believed and all justifiable inferences are to be drawn in its favor. *Orchards v. United States*, 749 F.2d 1571, 1574 (Fed.Cir.1984), *cert. denied*, 474 U.S. 818, 106 S.Ct. 64, 88 L.Ed.2d 52 (1985). The Court finds that there is no genuine issue of material fact in dispute in this case which would require denial of the plaintiffs' motion for summary judgment. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). However, the moving parties in this case, the plaintiffs, are not entitled to judgment as a matter of law.

The plaintiffs' motion rests solely upon the Court's application of the doctrine of nonmutual offensive collateral estoppel against the government based upon the *Althaus* decision. An offensive use of collateral estoppel occurs when a plaintiff seeks to foreclose a defendant from relitigating an issue the defendant has previously litigated unsuccessfully in another action against the same or a different party. A defensive use occurs when a defendant seeks to prevent a plaintiff from relitigating an issue the plaintiff has previously litigated unsuccessfully in another action against the same or a different party. *United States v. Mendoza, supra; United States v. Stauffer Chemical Co., supra.*

Although the Supreme Court in *Mendoza* acknowledged that it had abandoned the requirement of mutuality of parties and had conditionally approved the offensive use of collateral estoppel by a non-party to a prior lawsuit, the Court cited strong policy considerations against application of the doctrine of nonmutual offensive collateral estoppel against the government. Such policy considerations, the Court said, include thwarting the development of important questions of law, contravening the interests of judicial and administrative economy, and unreasonably binding successive governmental administrations to the policy decisions of their predecessors.

The defendant argues that these same policy considerations prevent this Court from finding that the decision favorable to the plaintiffs in *Althaus;* i.e., that an inverse condemnation taking had occurred as to those plaintiffs, is binding upon the defendant with respect to plaintiffs in the instant suit. Although *Mendoza* does not state categorically that the doctrine of nonmutual offensive collateral estoppel may never be used to bind the government, certainly some of the same policy considerations cited in *Mendoza*, which resulted in the Supreme Court's refusal to apply the doctrine offensively, do apply to the government's posture in this case. For example, the doctrine, if uniformly applied

to permit different plaintiffs to win redress against the government could have a major impact upon every unfavorable decision involving the government. Thus, the government, to protect itself against the possible threat of subsequent suits by other potential plaintiffs who may be subsequently found to be similarly situated to the successful plaintiffs, would be virtually forced to appeal all unfavorable decisions regardless of the actual merits of the suit. This would clearly contravene the interests of judicial and administrative economy by demanding the continuance of litigation which might otherwise be settled or finally determined at the trial court level.

The government, moreover, should not be forced to make policy decisions which would be binding, by application of the doctrine, upon successor administrations. Again, application of the doctrine undeniably would have the effect of mandating an appeal in numerous cases by the government in order to leave open to succeeding administrations the determination of these policy considerations.

The plaintiff has cited no case in which the government has ever been bound offensively by application of the doctrine of nonmutual collateral estoppel. The Court, therefore, holds that the Supreme Court's decision in *Mendoza* is controlling and for this reason, the plaintiffs' motion must be denied.

The defendant's second contention is that the tracts of land involved in *Althaus* and in this case are different and that under the holding in *Hilkovsky* this Court should not, in applying federal law, permit offensive use of collateral estoppel in such cases. In *Hilkovsky*, landowners in the Point Reyes National Seashore sought to offensively apply collateral estoppel against the government based upon an earlier favorable taking decision in a suit brought by a fellow landowner in the National Seashore. The *Hilkovsky* court said:

> Whether a like collateral estoppel could arise with respect to different items of property, i.e., two or more tracts of land, and as a matter of offense, not defense, requires a change in the Federal law

beyond the one the Supreme Court made in *Blonder–Tongue*. We would hesitate to make it even if the case were better than it is in other respects.

The defendant's argument is persuasive to this Court. The plaintiffs have cited no decision in which a court has applied nonmutual offensive collateral estoppel with respect to two different parcels of land, thereby overruling or in any respect limiting or weakening the *Hilkovsky* decision. The Court is mindful of the fact that the tracts of land involved in *Althaus* and in this case have been shown, in practically all physical respects, to be indistinguishable. In fact, the defendant does not contest that the tracts of land involved in *Althaus* and here are comparable in their respective physical characteristics. However, as was the Court in *Hilkovsky*, this Court is hesitant to change the Federal law, as stated in *Mendoza*, and permit application of offensive nonmutual collateral estoppel against the government, much less with respect to different pieces of property, without any supporting legal precedent or a clear showing of sound legal reasons for doing so.

Lastly, the defendant argues that the factual circumstances involved in this case are very different from those which the Court found in *Althaus*. The defendant states that the plaintiffs' depositions in this case show that they have presented no evidence of restrictions on access, use, or enjoyment of their property, and that the plaintiffs have identified only two non-federal governmental restrictions allegedly affecting their use or enjoyment: (1) a purported St. Louis County requirement for a permit for open-air burning, and (2) a NPS prohibition against hunting on federal land.

Additionally, the defendant states:

> The *Althaus* Court did not have before it the present plaintiffs' testimony. It is unjust to permit the plaintiffs to withhold their testimony and their claims during the *Althaus* trial and then to permit them to use collateral estoppel to preclude the government and the court from using the plaintiffs' own testimony in assessing their claims.

Further, the defendant contends that a determination that it is bound through application of the doctrine here advanced by inapplicable and contrary factual determinations made in *Althaus* regarding a governmental taking would be totally unjust, that the government's threat of condemnation alone is not itself a taking, citing *Kirby Forest Industries v. United States,* 467 U.S. 1, 104 S.Ct. 2187, 81 L.Ed.2d 1 (1984), a case decided before *Althaus* but not referred to in *Althaus,* and that since the decision in *Althaus* was unappealable because the Court's opinion and order were entered to confirm settlements and help plaintiffs in *Althaus* secure payment, it would not be proper or fair to hold the government bound by *Althaus.* However, since the Court has determined to follow the holdings in *Mendoza, Hilkovsky,* and related cases and thus finds that the doctrine of nonmutual offensive collateral estoppel is not available against the government under the circumstances involved in this case, it need not consider these latter arguments of the defendant in opposition to the motion.[2]

### Conclusion

In summary, the plaintiffs herein are different from the *Althaus* plaintiffs. Their tract of land is different and could have been more or less affected by the NPS' actions than was the *Althaus* plaintiffs' tract. There are sound policy reasons which exist in this case for *not* applying the doctrine of nonmutual offensive collateral estoppel against the government. There are no legal precedents which have been cited to the Court by plaintiffs to support application of the doctrine in this case. In fact, strong legal precedents exist to the contrary. The Court, therefore, denies the plaintiffs' motion for summary judgement.

IT IS SO ORDERED.

---

2. The Court, however, has noted that the *Althaus* decision was not appealed by the government since it was the result of a settlement reached after trial. Thus, in any event the Court would be reluctant to apply the doctrine to bind the government by the *Althaus* decision.